## No. 5208.

JOHN H. PLEASANTS & SONS vs. JOHN KEMP, JR.; J. H. OGLESBY, C. L. CHASE, I. W. ARTHUR & CO., GARNISHEES; I. W. HOMAN, INTERVENOR.

It seems clear that there was no effective seizure in this case. To make a valid seizure of a negotiable note under the circumstances of this case, it was essential that the sheriff should have taken actual corporeal possession of it.

APPEAL from the Fifth District Court, parish of Orleans. *Léaumont, J. W. H. Hunt* and *James Lingan,* for plaintiffs and appellees. *Randolph, Singleton & Browne,* for garnishees, appellant. *Breaux, Fenner & Hall,* for intervenor, appellant.

HOWELL, J. The plaintiffs, having judgment against the defendant, Kemp, issued garnishment process against I. W. Arthur & Co. and J. H. Oglesby and C. L. Chase as the assignees of Arthur & Co. The answers of the garnishees show that the firm of Arthur & Co. owed defendant, Kemp, $1112 79 for services as clerk, and in settlement gave

·him their two notes in negotiable form for the amount, and that defendant with the other creditors accepted the assignment of the assets of the firm before service of this proceeding, and three of the creditors, including Oglesby and Chase, were chosen to settle up the affairs as a committee or agents of the creditors, but they did not know who held the notes, the holder, however, being entitled to the payment of the same.

The plaintiffs moved for judgment against the garnishees on their answers, and, the rule being made absolute, the garnishees appealed.

It seems clear that there was no effective seizure in this case. To make a valid seizure of a negotiable note under the circumstances of this case, it was essential that the sheriff take actual corporeal possession of it. See 14 L. 449; 6 An. 531, 581; 19 An. 58.

Under this view of the case it is unnecessary to consider any other questions presented.

· It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of the defendants in the rule (garnishees) with costs. Plaintiffs to pay costs of appeal.